UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERNESTO FLORESCA,<br>Defendant. | Case No. 09-cr-01012-JSW-1<br><br>**ORDER DENYING, WITHOUT PREJUDICE, MOTION TO UNSEAL DOCUMENTS**<br><br>Re: Dkt. No. 280 |

Now before the Court for consideration is the motion to unseal, filed by James A. McElroy, Esq., former counsel for Defendant. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it DENIES the motion, without prejudice.

On July 28, 2010, the Court granted Mr. McElroy's request to be substituted in as counsel for Defendant, who had been representing himself with the assistance of advisory counsel. (Dkt. Nos. 173-174.) On August 9, 2010, Defendant entered a plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to one count of conspiracy to commit mail fraud and wire fraud and eight counts of mail fraud. Those charges were based on allegations of a mortgage fraud scheme, in which Defendant created false documents at the request of his co-defendant in return for compensation. The plea agreement was filed under seal. (Dkt. No. 188.)

On January 21, 2014, the United States Probation Office submitted a pre-sentence investigation report ("PSR"), which is filed under seal. (Dkt. No. 253.) On January 31, 2014, and February 3, 2014, Defendant and the Government filed sentencing memoranda. The Government filed a portion of its sentencing memorandum under seal, to protect the privacy of individuals who were named as borrowers on fraudulent mortgage applications. (Dkt. Nos. 254-258.)

On February 13, 2014, the Court sentenced Defendant to a term of imprisonment of three

1   months on Counts 1 through 9, to be served concurrently, which was to be followed by three years
2   of supervised release, which included a three month term of home confinement.  The Court also
3   imposed restitution in the amount of $183,887.97, which was to be payable jointly and severally
4   with his co-defendant.  (*See* Dkt. Nos. 259-262.)

5          On April 10, 2014, Mr. McElroy filed a motion to withdraw as counsel, on the basis that a
6   conflict had arisen between them based on the sentence imposed by the Court.  (Dkt. No. 265.)
7   Defendant did not oppose the motion and argued that Mr. McElroy had been ineffective.
8   According to Defendant, Mr. McElroy never told him he "would serve … three months jail time,"
9   and argued Mr. McElroy had not provided him with any documentation regarding his sentencing
10  memorandum or the judgment.  (*See* Dkt. No. 265.)  Before the Court received Defendant's
11  response, the Court granted Mr. McElroy's motion to withdraw, and it issued a subsequent Order
12  addressing the allegations raised in Defendant's non-opposition.  (Dkt. Nos. 266, 268.)  Defendant
13  did not seek any further relief from this Court on that issue.

14         According to Mr. McElroy, Defendant has filed a civil suit in the Superior Court of
15  California – County of San Francisco, and has asserted a claim for legal malpractice against him.
16  Mr. McElroy moves to "temporarily" unseal the plea agreement, the PSR, and the Government's
17  sentencing memorandum, so that he can copy them and use them to defend himself against the
18  malpractice suit.  Mr. McElroy explicitly states that he is "not asking for the documents to be
19  permanently unsealed."  (Dkt. No. 280, Mot. at 2:10-11.)

20         The Government does not object to temporarily unsealing the plea agreement or the under
21  seal portion of its sentencing memorandum.  The Government does object to unsealing the PSR in
22  its entirety.  It does not object to unsealing the four page sentencing recommendation.  In his
23  belated reply brief, Mr. McElroy has narrowed his request to those four pages of the PSR.

24         Defendant objects to Mr. McElroy's motion.  He argues that Mr. McElroy should be in
25  possession of the documents.  Although not clearly stated, Defendant also appears concerned that
26  if the Court lifts the seal to enable Mr. McElroy to copy the documents, there is no guaranty that
27  they would remain under seal in the malpractice case.  (Dkt. No. 283, Def. Opp. at 2:21-23.)  The
28  Government also raises this concern, and state that its lack of objection "is premised on the

assumption that the documents will not be made public in the state court litigation and will not be filed in any pleading available to the public in that case." (Dkt. No. 282, Gov. Opp. at 3:9-11.) In his reply brief, Mr. McElroy states that the "documents will not be filed under public record, and if need be will be filed under seal per State of California confidentiality clause [*sic*]." (Reply Br. at 24-26.)

With respect to the PSR, the Northern District Criminal Local Rules provide:

> A presentence report, probation, supervised release report, violation report and related documents to be offered in a sentencing or violation hearing are confidential records of the Court. Except as otherwise required by Fed. R. Crim. P. 26.2, authorized by statute, federal rule or regulation or unless expressly authorized by order of the Court, such records shall be disclosed only to the Court, court personnel, the defendant, defense counsel and the attorney for the government in connection with sentencing, violation hearings, appeal or collateral review.
>
> Anyone seeking an order authorizing disclosure of a presentence report which is not authorized by statute, federal rule or regulation shall file a motion pursuant to Crim. L.R. 47-1 with the sentencing Judge or, if no longer sitting, with the General Duty Judge of the courthouse where the defendant was sentenced. Such motion shall state with particularity the reason disclosure is sought and to whom the report will be provided. No disclosure shall be made under this Crim. L.R. 32-7(b) except upon an order issued by this Court. The motion shall be served upon the defendant, last defense counsel of record, the attorney for the government and the Probation Officer of record.

N.D. Crim. L.R. 37-2(a)-(b).

Mr. McElroy does not appear to have served a copy of his motion on the Probation Officer in this case, and he has not stated with particularity to whom he would provide the report. Therefore, the Court denies the motion to unseal a portion of the PSR.

The Court determined that the Plea Agreement and the Government's sentencing memorandum should be sealed. *Cf.* N.D. Crim. L.R. 56-1. Although some of the reasons the Court sealed the plea agreement are now in the public record, as noted, Mr. McElroy, the Government, and Mr. Floresca have not asked the Court to revisit the Court's determination to seal that document in its entirety. Nor have they asked the Court to revisit its determination, either in whole or in part, on the sealed portion of the Government's sentencing memorandum.

The Court would grant Mr. McElroy's request to unseal the Plea Agreement and the

1 Government's sentencing memorandum, if it were limited to seeking a temporary unsealing for
2 purposes of copying those documents.  However, he also asks that they may be unsealed so he can
3 use them in defense of the malpractice claim.  Because the parties have not asked that these
4 documents be permanently unsealed, the Court concludes that Mr. McElroy has not made a
5 sufficient showing that he can maintain the integrity of this Court's sealing orders if the
6 documents are submitted to the court in the malpractice case.

7     Accordingly, the Court DENIES his motion to unseal.  This ruling is without prejudice to
8 Mr. McElroy renewing his motion.  However, if Mr. McElroy renews the motion to unseal the
9 PSR, he must serve the Probation Officer with a copy of that motion and otherwise comply with
10 Northern District Local Rule 32-7.

11     **IT IS SO ORDERED.**
12 Dated:  September 28, 2016

_____
JEFFREY S. WHITE
United States District Judge

4